**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Armando BALTAZAR–GARCIA,
Defendant—Appellant.**

No. 04–10499.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 9, 2006.*

Decided Jan. 17, 2006.

Joelyn Marlowe, Bruce M. Ferg, Esq., USTU—Office of the U.S. Attorney Evo A. Deconcini U.S. Courthouse, Tucson, AZ, for Plaintiff-Appellee.

Sean Bruner, Esq., Bruner & Upham, P.C., Tucson, AZ, for Defendant-Appellant.

Before: HUG, O'SCANNLAIN and SILVERMAN, Circuit Judges.

MEMORANDUM**

Armando Baltazar–Garcia appeals the sentence imposed following his guilty plea to entering the United States without authorization after having been deported or removed in violation of 8 U.S.C. § 1326.

Baltazar–Garcia contends that the district court erred in applying the Sentencing Guidelines as mandatory when imposing his sentence. Because Baltazar–Garcia was sentenced under the then-mandatory Sentencing Guidelines, and we cannot reliably determine from the record whether the sentence imposed would have been materially different had the district court known that the Guidelines were advisory, we remand to the sentencing court to answer that question, and to proceed pursuant to *United States v. Ameline,* 409 F.3d 1073, 1084–85 (9th Cir.2005) (en banc). *See United States v. Moreno–Hernandez,* 419 F.3d 906, 916 (9th Cir.2005) (extending *Ameline*'s limited remand procedure to cases involving non-constitutional error under *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005)).

**REMANDED.**

**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Miguel SERRATO–CAMACHO,
a/k/a Rafael Rodrizuez, Jr.,
Defendant—Appellant.**

No. 04–10574.

United States Court of Appeals,
Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

Submitted Jan. 9, 2006.*

Decided Jan. 17, 2006.

Before: HUG, O'SCANNLAIN and SILVERMAN, Circuit Judges.

MEMORANDUM**

Miguel Serrato–Camacho appeals the sentence imposed following his guilty plea to illegal entry, being a deported alien found in the United States, and making false claims to United States citizenship in violation of 8 U.S.C. §§ 1325(a)(1) & 1326 and 18 U.S.C. § 911.

Serrato–Camacho contends that the district court erred in applying the Sentencing Guidelines as mandatory when imposing his sentence. Because Serrato–Camacho was sentenced under the then-mandatory Sentencing Guidelines, and we cannot reliably determine from the record whether the sentence imposed would have been materially different had the district court known that the Guidelines were advisory, we remand to the sentencing court to answer that question, and to proceed pursuant to *United States v. Ameline*, 409 F.3d 1073, 1084–85 (9th Cir. 2005) (en banc). *See United States v. Moreno–Hernandez*, 419 F.3d 906, 916 (9th Cir.2005) (extending *Ameline'*s limited remand procedure to cases involving non-constitutional error under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005)).

**REMANDED.**

David L. Gappa, Esq., USF—Office of the U.S. Attorney, Fresno, CA, for Plaintiff–Appellee.

Victor M. Chavez, Esq., FPDCA—Federal Public Defender's Office, Fresno, CA, for Defendant–Appellant.

---

courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.